# In the United States Court of Federal Claims

No. 21-1931

(Filed: January 27, 2022)

|  |  |
|---|---|
| **TIMOTHY MOORE,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant. | Claims under the Equal Pay Act, 29 U.S.C. § 206(d)(1), and Back Pay Act, 5 U.S.C. § 5596; failure to state a claim, RCFC 12(b)(6) |

Peter B. Broida, Arlington, Virginia for plaintiff.

Rafique O. Anderson, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant. With him on the briefs were Brian M. Boynton, Acting Assistant Attorney General, and Patricia M. McCarthy, Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Paul R. Brockmeyer, Senior Trial Counsel, United States Securities and Exchange Commission, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 5. Plaintiff, Timothy Moore, alleges that the difference in pay between himself and two female employees at the U.S. Securities and Exchange Commission ("SEC") violates the Equal Pay Act, 29 U.S.C. § 206(d)(1), and the Back Pay Act, 5 U.S.C. § 5596. *See* Compl. ¶ 1, ECF No. 1. The matter is fully briefed and ready for disposition. *See* Pl.'s Opp'n, ECF No. 6; Def.'s Reply, ECF No. 10. For the following reasons, the court GRANTS the government's motion to dismiss Mr. Moore's complaint.

## BACKGROUND[1]

---

[1] The recitations that follow do not constitute findings of fact, but rather are recitals attendant to the pending motion and reflect matters drawn from the complaint and the parties' briefs.

In 2014, the SEC began a process to adjust the pay of many of its employees pursuant to an agreement with the union that represents its non-management employees. Compl. ¶ 5. Salary adjustments under this process began in mid-2015 and applied to all SEC staff. Compl. ¶ 5. To be considered for a pay adjustment, employees were required to "submit an application stating their interest and supplying a resume that was to include work history, job titles, job duties, start and end dates for jobs, and full or part-time status." Compl. ¶ 6. The application period was open "from approximately September 14, 2014, through October 14, 2014." Compl. ¶ 6.

Mr. Moore "did not apply for pay transition during the open period because of issues of a personal, family-related nature." Compl. ¶ 8. Two fellow SEC employees, both female, "applied for pay transition consideration within the open period." Compl. ¶ 7. Accordingly, in mid-2015, the first of these two female comparators received a "pay transition from approximately $175,534, to approximately $195,438, [which] has since increased to about $236,000." Compl. ¶ 9. Around the same time, the second female comparator received a "pay transition from approximately $144,291 to approximately $169,269, [which] has since increased to about $212,000." Comp. ¶ 10. At the time that the comparators' salary was adjusted, Mr. Moore's "salary was approximately $145,608," and it is currently "about $195,000." Compl. ¶ 12. Had it been adjusted at the same time as the comparators, plaintiff asserts that his salary would now equal "around $216,000." Compl. ¶ 12. Mr. Moore avers that the work that he and these two women perform "is the same or substantially similar, and . . . requires equivalent skill, knowledge, ability, and effort." Compl. ¶ 11. Mr. Moore admits that the remuneration of the two female comparators was recalibrated through the Pay Transition Program and not because of their sex. *See* Comp. ¶¶ 7, 9-10.

In August and September 2016, after the pay transition program application deadline, Mr. Moore learned of the difference in pay between himself and the comparators and requested permission to be considered for the transition program. Compl. ¶ 14. Plaintiff's request was denied. Compl. ¶ 14. Contrastingly, Mr. Moore claims that "[a]bout ten other SEC employees who were impacted by extenuating circumstances were allowed to apply for pay transition in November and December of 2014." Compl. ¶ 14. Plaintiff eventually initiated a complaint before the Equal Employment Opportunity Commission, which resulted in a judgment in favor of the SEC in 2021. *See* Compl. ¶ 15; *Moore v. Lee*, EEOC No. 531-2020-00331X (June 17, 2021).

Mr. Moore asserts in his complaint that SEC management already had all the necessary documents to consider him for the pay adjustment program before the deadline; namely, his resume, work history, and full-time work status. Compl. ¶ 13. Plaintiff claims that the "SEC lack[ed] an acceptable business reason" to adjust the two female comparators' salaries but not his and to decline to extend the deadline when he requested it. Compl. ¶ 17. Therefore, according to Mr. Moore, the SEC has been violating the Equal Pay Act since mid-2015. Compl. ¶ 18.

## STANDARD FOR DECISION

Under RCFC 12(b)(6), a complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The factual matters alleged "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted).

When reviewing the complaint, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986)) (additional citation omitted).  Conclusory statements of law and fact, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a claim. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557); *accord Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

## ANALYSIS

To prevail against the government's motion to dismiss, Mr. Moore must demonstrate that the factual assertions in his complaint make it more than speculative that the SEC violated the Equal Pay Act, 29 U.S.C. § 206(d)(1), which states:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . .

In essence, "[t]o establish a *prima facie* case under the Equal Pay Act, a plaintiff must establish that he or she received a lower wage for performing 'equal work requiring equal skill, effort, and responsibility' to that carried out by a comparator of the opposite sex under similar working conditions." *Jordan v. United States*, 122 Fed. Cl. 230, 241 (2015) (alterations omitted) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974) (additional citations omitted)).  The Court of Appeals for the Federal Circuit has explained that, as concerns Equal Pay Act allegations, it is Mr. Moore's burden to "show[] that discrimination based on sex exists or at one time existed." *Yant v. United States*, 588 F.3d 1369, 1373 (Fed. Cir. 2009).[3]  In short, to survive

---

[2] Because RCFC 12(b)(6) mirrors Fed. R. Civ. P. 12(b)(6), the rules should be interpreted *in pari materia*.

[3] Mr. Moore contends that a showing of sex discrimination is not required to make a *prima facie* case under 29 U.S.C. § 206(d)(1).  Pl.'s Opp'n at 7-8.  However, plaintiff relies on decisions from this court that predate the Federal Circuit's decision in *Yant*. *Id.* (citing *Cooke v. United States*, 85 Fed. Cl. 325, 341 (2008) (additional citations omitted)).  Decisions within the

3

dismissal, Mr. Moore's complaint must make more than speculative and conclusory averments that the difference in pay between himself and the two named, female comparators is the result of "past or present discrimination based on sex." *Id.* at 1374.

Mr. Moore's complaint sets out the factual contention that he receives a lower wage than the two named, female comparators. The two named women make, respectively, $236,000 and $212,000, while plaintiff makes $195,000. *See* Compl. ¶¶ 9-12. Mr. Moore's complaint also alleges that plaintiff and the two female comparators are "Examination Managers" at the SEC's SK-15 pay level and perform the same work of managing examinations of regulated entities under the same procedures, Compl. ¶¶ 2-3, 11, which suffices at the 12(b)(6) stage to show that they perform "equal work requiring equal skill, effort, and responsibility," *Jordan* 122 Fed. Cl. at 241 (alterations and quotations omitted). Even so, plaintiff's complaint does not claim that the difference in pay for equal work is the result of "past or present discrimination based on sex." *Yant*, 588 F.3d at 1374. Rather, it delineates a salary adjustment process, resulting in Mr. Moore's lower salary, that was devoid of any sex-based discrimination. The adjustment program "applied to all SEC staff," Compl. ¶ 5, the two female "comparators applied for pay transition consideration within the open period," Compl. ¶ 7, and Mr. Moore "did not apply for pay transition during the open period," Compl. ¶ 8.

Because the complaint affirmatively acknowledges that no sex-based discrimination caused the difference in pay between Mr. Moore and the two named female comparators, plaintiff does not state a *prima facie* violation of 29 U.S.C. § 206(d)(1). *See, e.g., Spellers v. United States,* ____ Fed. Cl. ____, 2021 WL 5630801 (Dec. 1, 2021). The court therefore holds that plaintiff has not "state[d] a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (internal quotations omitted).[4]

---

Federal Circuit's purview that issued after *Yant* recognize the sex discrimination element of a *prima facie* case. *See Gordon v. United States,* 903 F.3d 1248, 1252 (Fed. Cir. 2018), *vacated on other grounds,* 754 Fed. Appx. 1007 (Fed. Cir. 2019). Mr. Moore's opposition even cites one such case. *Id.* at 8 (citing *Kaplan v. United States*, 126 Fed. Cl. 72, 82 (2016) ("[F]or plaintiff to establish a prima facie violation, therefore, she must show that [the government] discriminated on the basis of sex.")). Mr. Moore further attempts to convince the court that academic commentary, factual differences between his case and the facts in *Yant*, and his own interpretation of the statute make the Federal Circuit's interpretation of 29 U.S.C. § 206(d)(1) inapplicable to the present circumstances. *See* Pl.'s Opp'n at 15-19. However, the court may not ignore binding authority from the Federal Circuit. *See Coltec Indus., Inc. v. United States*, 454 F.3d 1340, 1353 (Fed. Cir. 2006) ("There can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, our court [the Federal Circuit], and our predecessor court, the Court of Claims.").

[4] The salient events occurred in 2014, seven years ago, and were sought to be reopened by Mr. Moore in 2016, five years ago. The statute of limitations for claims under the Equal Pay Act is two years, extended to three for willful violations. *See* 29 U.S.C. § 255(a). The parties secondarily argue whether Mr. Moore's claim is too late, but the court finds it unnecessary to reach that aspect of the case for decision.

## CONCLUSION

Because Mr. Moore has not made a *prima facie* case of sex-based discrimination in pay, the court GRANTS the government's motion to dismiss plaintiff's complaint.

The Clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge